UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ILONA SCHWEIGER SWAROVSKI,

                                  Plaintiff,

               -against-                              19-CV-3487 (CM)

FREIE HANSE STADT, HAMBURG; EDEKA            ORDER OF DISMISSAL
BANK AG; DEUTSCHE BANK AG
INVESTMENT BANK; EDEKA BANK AG
NEW YORKER RING 6,

                                Defendants.

---------------------------------------------------------------

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff Ilona Schweiger Swarovski brings this action *pro se*. By order dated August 7, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

       The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

       A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff's complaint consists of typewritten pages, mostly in German, and handwritten sections on the general complaint form provided by this Court.

Plaintiff alleges the following:

All criminal person was Judment [sic] Richer Herchen, Bush Breede, Wandel and Criminal person my inside 2007-11 tried to killed me and other corruption list and was tried stolen my Money of business.

(Compl. at 1.)[1]

Plaintiff also alleges:

Betwen [sic] the international Economie [sic] has been a partie [sic] to the New York Convention since 1961 my business has provided 52,3 Millarden $ Dollar in Germany basis for recognition and enforcement of foreign arbital awards based on an enforcement friendly approach of the jurisprudence. The relevance of the convention has risen since the 1998 reform of the domestic arbital law and the withdrawal of the reciprocity requirement[.] This article focus on the german (Article II) and substantive Article V requirement of recognition and enforcement of foreign arbital awards.

(*Id.* at 5.)

In the Statement-of-Claim section of the Court's general complaint form, Plaintiff includes the following:

Facts of criminal attacks is responsend [sic] in Kopie 16.1.2019 that Germany must be payed [sic] back the money. 11.2.2019 German criminal law. Kaiser Wilhelmstabe 100 inconent [sic] to the Person to attacks me again I will next step

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

2

> from USA criminal law international nescesarry [sic] included 15.2.19 personally staff worker for Schweiger Swarvoski AGTG Inc. construction.
>
> Since 29.3.2019 all workers in 1981-2018 inside 1978 my Famaly [sic] company within Ilona Schweiger Swarovski.

(*Id.* at 19.)

In the section in which Plaintiff is asked to describe her injuries and the medical treatment, if any, she required and received, she states "I, maked [sic] sure that beginn [sic] 1999 attacks of my father Edgar Schweiger/Swarovski was also my mother Estrella Magdalena Schweiger not guilty against the criminal/[illegible] attacks from: 17.1.2001-2011 from criminal jurist Dr. Axel Herchen, Bush-Breede, Wandel." (*Id.* at 20.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

3

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 19, 2019
        New York, New York

                                               COLLEEN McMAHON
                                          Chief United States District Judge